MEMORANDUM **
Davis appeals the district court’s denial of his 28 U.S.C. § 2254 petition. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We review de novo the district court’s decision to grant or deny a 28 U.S.C. § 2254 habeas petition. McMurtrey v. Ryan, 539 F.3d 1112, 1118 (9th Cir.2008).
The critical issue on appeal is whether Davis is entitled to federal habeas relief on his claim that his rights under the Confrontation Clause were violated by the admission into evidence of an out-of-court statement made to a police officer by the victim of the crime. Under the AntiTer-rorism and Effective Death Penalty Act (“AEDPA”), Davis can prevail on a claim “that was adjudicated on the merits in State court” only if he can show that the adjudication:
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).
A state court decision is “contrary to” federal law if it “applies a rule that contradicts the governing law set forth in [Supreme Court] cases” or “confronts a set of facts that are materially indistinguishable from” a Supreme Court case yet reaches a different result. Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision *372 involves an “unreasonable application” of clearly established federal law “if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.” Bockting v. Bayer, 505 F.3d 973, 977-78 (9th Cir.2007) (citation and internal quotation marks omitted).
The parties do not dispute the “clearly established” legal principles applicable in this case. The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right “to be confronted with the witnesses against him.” U.S. Const., amend. VI. The Supreme Court has explained that the right of confrontation “means more than being allowed to confront the witness physically,” but rather “[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.” Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (internal quotation marks and citation omitted; emphasis removed).
Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), decided while this petition was pending on collateral review, does not apply to this case. Whorton v. Bockting, 549 U.S. 406, 421, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). Therefore, we apply pr e-Crawford law and, in particular, the former “reliability” standard set forth in such cases as Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), and Lilly v. Virginia, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (plurality opinion).
The pré-Crawford case law established that a declarant’s out-of-court statement “ ‘is admissible only if it bears adequate indicia of reliability.’ ” Wright, 497 U.S. at 814-15, 110 S.Ct. 3139 (quoting Roberts, 448 U.S. at 66, 100 S.Ct. 2531). Such reliability may be inferred without more where the evidence falls within “ ‘a firmly rooted hearsay exception.’” Id. at 815, 110 S.Ct. 3139 (quoting Roberts, 448 U.S. at 66, 100 S.Ct. 2531). In the absence of such an established exception, however, the hearsay evidence is “ ‘presumptively unreliable and inadmissible for Confrontation Clause purposes,’ ” id. at 818, 110 S.Ct. 3139 (quoting Lee v. Illinois, 476 U.S. 530, 543, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986)), and “‘must be excluded, at least absent a showing of particularized guarantees of trustworthiness,’ ” id. (quoting Roberts, 448 U.S. at 66, 100 S.Ct. 2531). “Because evidence possessing ‘particularized guarantees of trustworthiness’ must be at least as reliable as evidence admitted under a firmly rooted hearsay exception, ... evidence admitted under the former requirement must similarly be so trustworthy that adversarial testing would add little to its reliability.” Id. at 821, 110 S.Ct. 3139 (citations omitted). At the same time, a presumptively unreliable statement may not be admitted “by bootstrapping on the trustworthiness of other evidence at trial.” Id. at 823, 110 S.Ct. 3139.
In undertaking this reliability inquiry, courts must consider “the totality of circumstances that surround the making of the statement and that render the declarant particularly worthy of belief.” Id. at 820, 110 S.Ct. 3139. Relevant factors in the reliability analysis may include consideration of the declarant’s mental state, her lack of motive to fabricate, the consistency with which she repeats the statement, and the statement’s spontaneity. See id., at 821-22, 110 S.Ct. 3139 (approving the above factors as indicia of reliability in child sexual abuse cases).
*373 In the instant case, the witness made the statement to a police officer at the hospital after the incident. The California Court of Appeal relied on several factors to support its conclusion that the witness’s statement “possess[ed] sufficient indicia of trustworthiness and reliability to warrant its admission”: (1) the witness had spent the intervening seven-hour period after the incident receiving medical treatment; (2) the witness was lying on a gurney and was being moved from the trauma unit when she gave her statement; (8) the witness had visible head trauma; (4) the witness had been drinking heavily immediately before the incident; and (5) the statement was tape recorded.
The Court of Appeal concluded that in light of these factors there was no reason to suspect that the witness was not telling the truth. But while the absence of fabrication may be necessary to satisfy the Sixth Amendment’s reliability requirement, it is not sufficient; the Confrontation Clause protects not only against lies, but also against misperceptions and faulty memories. See, e.g., Roberts, 448 U.S. at 70-71, 100 S.Ct. 2531. The Court of Appeal reasoned that heavy drinking coupled with visible head trauma made the statement reliable. This rationale ignores the clearly established principle that an intoxicated declarant actually “militates against finding that [the witness’s] statements were so inherently reliable that cross-examination would have been superfluous.” Lilly, 527 U.S. at 139, 119 S.Ct. 1887 (plurality opinion). Similarly, significant head trauma does not indicate an improvement in an individual’s perception and memory, but rather signifies the opposite.
In addition, there were several inconsistencies in the witness’s statement, and the state concedes that the witness’s memory was (quite justifiably) hazy. Further, after giving the statement, the witness never stood by it. Instead, she repeatedly gave a different account of the attack, including while under oath.
Heavy drinking and severe head trauma are not factors upon which courts may rely as demonstrating that an out-of-court statement possessed “particularized guarantees of trustworthiness.” The state court’s contrary conclusion was an unreasonable application of clearly established federal law as determined by the Supreme Court. The admission of the out-of-court declaration violated Davis’s rights under the Confrontation Clause.
Even if a state court decision is “contrary to” or “involved an unreasonable application of’ clearly established federal law, a habeas court may grant relief only if petitioner shows that the error had a “a substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). “If a habeas court is left with ‘grave doubt’ about whether a constitutional error substantially influenced the verdict, then the error was not harmless.” Parle v. Runnels, 387 F.3d 1030, 1044 (9th Cir.2004) (citing O’Neal v. McAninch, 513 U.S. 432, 438, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)). In making this inquiry, the court must review the record to determine “what effect the error had or reasonably may be taken to have had upon the jury’s decision.” McKinney v. Rees, 993 F.2d 1378, 1385-86 (9th Cir.1993) (quoting Kotteakos, 328 U.S. at 764, 66 S.Ct. 1239).
Here, the witness’s statement in the hospital was one of several pieces of evidence *374 the jury had before it that discredited Davis’s self-defense theory. The victim told police officers at the scene that Davis had told her “All right bitch, I got something for you” before striking her with a hammer.[1] Moreover, during the 9-1-1 call the victim’s mother told the dispatcher that Davis had “jumped” on the victim and “busted” her in the head with a hammer. The mother also told police that Davis had pushed the victim onto a couch before striking her with a hammer. The medical evidence showed that the blow was delivered with great force, fracturing the victim’s skull. There was no evidence of defensive wounds. In light of this evidence, along with expert testimony that the victim’s injuries were the result of a “controlled” blow, we have no “grave doubt” regarding whether the constitutional error of allowing the witness’s statements at the hospital substantially influenced the verdict. Therefore, we conclude that the constitutional error was harmless within the standards applicable to federal habeas review.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We see nothing contrary to, or an unreasonable application of, clearly established federal law in Davis's assignments of error related to these additional statements. We also deny Davis’s motion to expand the record on appeal.